UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED BANK AND TRUST,

      Plaintiff,                         Case No. 12-11247

v.                                       HONORABLE DENISE PAGE HOOD

MORTGAGE GUARANTY INSURANCE
CORPORATION,

      Defendant.
_____/

## ORDER GRANTING MOTION TO STAY AND COMPEL ARBITRATION
## AND
## ORDER STAYING AND CLOSING CASE

**I.    BACKGROUND**

On March 20, 2012, Defendant Mortgage Guaranty Insurance Corporation ("MGIC") filed a Notice of Removal removing the Complaint filed by Plaintiff United Bank and Trust ("United Bank") before the Washtenaw County Circuit Court. United Bank in the Complaint alleges: Breach of Insurance Policy (Count I); and Declaratory Judgment (Count II). (Comp., Ex. 1 to Notice of Removal)

United Bank and MGIC are parties to a Master Policy where MGIC issues residential mortgage insurance for loans issued by United Bank to residential borrowers. (Comp., ¶ 1) United Bank entered into a loan agreement with Ascension Lopez for purchase of a residence in the amount of $123,900. (Comp., ¶ 8) The loan was supported by an appraisal with a value of $125,000. (Comp., ¶ 11) On August 27, 2007, MGIC issued Certificate No. 25295672 for the loan no. 18492. (Comp., ¶ 7) The payment on the loan remained current until September 2008. (Comp., ¶ 12) United Bank submitted a mortgage insurance claim to MGIC as a result of the default. (Comp., ¶

13)

In a letter dated January 21, 2011, MGIC asserted that the appraisal overstated the value of the residence pursuant to a review appraisal on January 6, 2011 showing the value of the residence at $95,000 in August 2007. (Comp., ¶¶ 14-16) Despite United Bank's written objection to MGIC's appraisal value, MGIC issued a Rescission Letter on March 28, 2011 rescinding coverage for the loan and certificate. (Comp., ¶ 19) United Bank was compelled to repurchase the loan from Fannie Mae at a cost of $121,401.33. (Comp., ¶ 26) United Bank suffered damages as a result of MGIC's wrongful rescission of the certificate of the loan. (Comp., ¶ 28)

This matter is before the Court on MGIC's Motion to Stay the action and to Compel Arbitration. A response and reply have been filed and a hearing held on the matter.

## II. ANALYSIS

### A. Arbitration

MGIC seeks arbitration of the claims asserted by United Bank as set forth in the Master Policy at issue. United Bank asserts that it has the right to seek declaratory judgment before the courts because it seeks an "interpretation" of the policy.

The Federal Arbitration Act ("FAA"), 9 U.S.C. § 2 states:

> A written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract . . ., or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2. Section 1 of the FAA provides the sole exception to the enforceability of arbitration agreements, stating that Section 2 "shall [not] apply to contracts of employment of seamen, railroad employees, or any other class of workers engaged in foreign or interstate commerce." *See* 9 U.S.C.

§ 1; *See, Circuit City Stores, Inc. v. Adams*, 532 U.S. 105 (2001) and *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20 (1991). The Sixth Circuit has reiterated the strong presumption in favor of arbitration on more than one occasion. *See, e.g., Stout v. J.D. Byrider*, 228 F.3d 709, 714 (6th Cir. 2001) (stating that the FAA promotes a "strong federal policy in favor of arbitration" and "was designed to override judicial reluctance to enforce arbitration agreements, to relieve court congestion, and to provide parties with speedier and less costly alternative litigation"); *Willis v. Dean Witter Reynolds Inc.*, 948 F.2d 305, 311 (6th Cir. 1991) ("Congress passed the FAA to ensure that courts honor the contractual agreement of parties who choose to resolve their disputes by arbitration."). "Courts are to examine the language of the [Arbitration Agreement] in light of the strong federal policy in favor of arbitration." *Stout*, 228 F.3d at 714. "[A]ny ambiguities in the [Arbitration Agreement] or doubts as to the parties' intentions should be resolved in favor of arbitration." *Id*.

The arbitration clause in the Master Policy states in pertinent part:

**7.6 Arbitration of Disputes; Suits and Actions Brought by the Insured**

> a. Unless prohibited by applicable law, all controversies, disputes or other assertions of liability or rights arising out of or relating to the Policy, including the breach, interpretation or construction thereof, shall be settled by arbitration. Notwithstanding the foregoing, the Company or the Insured both retain the right to seek a declaratory judgement from a court of competent jurisdiction on matters of *interpretation of the Policy*.

\* \* \*

(Policy, Ex. to Comp., Pg ID 40-41)(italics added). United Bank in opposing arbitration argues that it is seeking an interpretation of what constitutes "misrepresentation" under the Policy and, therefore the action is properly before the Court. MGIC asserts that United Bank's Complaint does not seek

3

such an interpretation, but rather alleges a claim of breach of contract and wrongful rescission of the certificate.

The clause United Bank claims requires interpretation reads as follows:

> **2.4 Incontestability for Certain Misrepresentations—** Notwithstanding Sections 2.2 or 2.3, no Claim for Loss will be denied or adjusted, nor will Certificate's coverage be rescinded or canceled, by reason of any misrepresentations (whether by statements made or omitted) contained in an Application, provided that all of the following requirements, conditions and circumstances, to the extent not waived in writing at the option of the Company, are satisfied:
>
> a. The misrepresentation must have been:
>
> \* \* \*
>
> 2. made, whether or not knowingly, by an appraiser, provider of an automated valuation model, or any other Person providing a valuation of the Property that is used in underwriting, processing or originating the Loan and that is submitted to the Company for the purpose of establishing the Value of the Property.

(Policy, Ex. to Comp., Pg ID 46)

United Bank's two-count Complaint alleges a breach of contract claim in Count I and a declaratory judgment claim in Count II. The Court's review of Count I, the breach of contract claim, shows that United Bank is not seeking an interpretation of the Policy in this claim. United Bank alleges it is entitled to monetary damages for the breach of the Policy. (Comp., ¶¶ 29-37) In Count II, the declaratory judgment claim, United Bank alleges that MGIC "breached the contract" and had "no legal or factual basis for rescinding the Certificate." (Comp., ¶¶ 41-42) United Bank specifically alleges that the appraisal it submitted "was accurate and the Review Appraisal relied on by MGIC was flawed." (Comp., ¶ 43) United Bank seeks "a declaration that its claim is covered under the Policy and Certificate, and that it is entitled to monetary damages and other relief."

(Comp., ¶ 46) The "wherefore" paragraph following Count II demands MGIC "to pay an amount to be established at trial."

Nothing in the *Complaint* alleges that any term or clause in the Master Policy is ambiguous, requiring an interpretation of such term or clause. Rather, the Complaint seeks damages on the breach of contract claim and a declaration that MGIC is obligated to provide coverage for the claim. In both counts, United Bank seeks damages from MGIC for its alleged breach of the Policy. It is United Bank's position that MGIC's rescission of the certificate was wrongful and breached the Policy since United Bank's appraisal was not a misrepresentation of the value of the residence.

The misrepresentation clause cited by United Bank in its response brief does not require interpretation since United Bank goes on to argue in its brief that MGIC's review appraisal was flawed and submits affidavits to support its position. The misrepresentation clause does not require interpretation as to its meaning since, as quoted by United Bank, the Policy sets forth what constitutes a misrepresentation as to an appraisal. Whether the subsequent review of the appraisal conducted by MGIC was sufficient to support MGIC's rescission of the certificate on the basis that United Bank misrepresented the appraisal requires consideration of facts. This issue is intertwined with United Bank's claim that MGIC breached the Policy by engaging in a subsequent appraisal review to support the rescission. The arbitration clause is clear that a breach of contract claim is subject to arbitration.

In Michigan, the proper interpretation of a contract is a question of law and the *language of the contract* is examined. *Wilkie v. Auto-Owners Ins. Co.,* 469 Mich. 41, 47 (2003)(italics added). The claims set forth in United Bank's Complaint and the arguments in its response brief show that the resolution of the misrepresentation issue goes beyond an interpretation of the contract based on

5

the contract language only. United Bank's response contains affidavits and other exhibits to support its position that it did not misrepresent the appraisal submitted with the loan. United Bank's claims set forth in the Complaint are within the scope of the arbitration clause.

### III. CONCLUSION

For the reasons set forth above,

IT IS ORDERED that the Motion to Stay the Action and Compel Arbitration **(Doc. No. 2)** is GRANTED.

IT IS FURTHER ORDERED that the claims be submitted to arbitration as set forth in the Master Policy.

IT IS FURTHER ORDERED that this action is STAYED and CLOSED on the Court's docket.

IT IS FURTHER ORDERED that the Court shall retain jurisdiction in accordance with the Federal Arbitration Act, 9 U.S.C. §§ 1-16, for the purpose of confirming, vacating or correcting any arbitration award and enforcing the parties' arbitration agreement. After an award has been issued, any party who seeks to confirm, vacate or correct any arbitration award may file a notice with the Court a to reopen the case.

                         S/Denise Page Hood
                         Denise Page Hood
                         United States District Judge

Dated: March 28, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 28, 2013, by electronic and/or ordinary mail.

                         S/LaShawn R. Saulsberry
                         Case Manager